**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| THE KRAFT HEINZ COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | |
| THE UNITED FOOD AND COMMERCIAL | ) | |
| WORKERS INTERNATIONAL UNION AFL- | ) | |
| CIO, LOCAL UNION 431, | ) | |
| | | |
| Defendants. | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

This action seeks to prevent the Defendant Union from proceeding to labor arbitration to seek a remedy from a labor arbitrator on a grievance regarding eligibility for retirement benefits. The parties have a collective bargaining agreement ("CBA") that, per usual, contains a grievance procedure and arbitration procedure. However, the substance of the Union's grievance in this instance pertains to the entitlement to retirement benefits the Union has agreed are governed by the terms of the retirement plan, not the CBA. That retirement plan contains an exclusive dispute resolution procedure. Thus, the grievance is excluded from the arbitration provision in the CBA. To preclude arbitration that is not mandated by the CBA, Plaintiff brings this action and states as follows:

## PARTIES

1. The Kraft Heinz Company is an "employer" in an "industry affecting commerce" within the meaning of Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185.

2. The United Food and Commercial Workers International Union AFL-CIO, Local Union 431 (the "Union") is an unincorporated labor organization which represents certain persons

1

employed by Kraft Heinz at its Davenport, Iowa facility. The Union is a "labor organization" that represents employees in an "industry affecting commerce" within the meaning of the LMRA.

## JURISDICTION AND VENUE

3. This proceeding seeks to determine whether the Union's request to arbitrate constitutes a violation of the CBA between Kraft Heinz and the Union under Section 301 of the LMRA. *See* 29 U.S.C. §185.

4. The claim the Union seeks to arbitrate is, per the Union's agreement, governed by the terms of a retirement plan which in turn is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*

5. Jurisdiction is appropriate in this matter under 28 U.S.C. § 1331 as it is an action arising under the laws of the United States.

6. This Court has jurisdiction over the Union under 29 U.S.C. § 185(c) because its duly authorized officers and agents are engaged in representing or acting for employee members in Davenport, Iowa.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District. The Union's violation of the CBA involves an employee at Kraft Heinz's Davenport, Iowa facility.

8. Venue is also proper under 29 U.S.C. § 185(a) because suits for a violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce may be brought in any district court of the United States having jurisdiction of the parties.

**FACTUAL BACKGROUND**

A.    **Kraft Heinz Company**

9.      Kraft Heinz is a food and beverage company in North America.

10.     Kraft Heinz operates a food manufacturing facility in Davenport, Iowa ("Davenport Facility").

B.    **Collective Bargaining Agreement**

11.     Certain of Kraft Heinz's hourly employees at the Davenport Facility are represented for purposes of collective bargaining by the Union.

12.     Kraft Heinz and the Union negotiated and entered into a CBA that governs the terms and conditions of employment of the Davenport Facility's employees in the bargaining unit represented by the Union. The CBA became effective November 28, 2023, and remains effective. A true and correct copy of portions of the CBA relevant to the Union's grievance and this action are attached hereto as **Exhibit A**.

13.     The CBA's Article XVIII, Section A sets forth the grievance procedure that Kraft Heinz and the Union must follow for the resolution of certain types of differences, or claims, between the parties.  **Exh. A** at p. 1.

14.     The CBA's Article XVIII, Section A specifically limits the right that an arbitrator has for all claims that are brought to arbitration and provides as follows:

> 6)  The arbitrator shall have no right to modify, amend, or add to the terms of the Agreement or to require of the Company, the Union, or any employee of the Company any act which they are not required by law or by this Agreement to perform. It is understood that disputes regarding wage rates shall not be subject to arbitration and that disputes regarding work standards are subject to arbitration only as specifically provided in this Section.

**Exh. A** at p. 4.

15.     The CBA's Article XXII, Section A specifies that employee participation in the Kraft Heinz Company Hourly Retirement Plan (the "Retirement Plan") continues "pursuant to the

terms of that Plan, as it has been amended and may be amended from time to time." **Exh. A** at p. 9.

16.     Further, the CBA's Article XXI, Section K specifies that "[a]ny questions or disputes concerning any benefit programs will be resolved in accordance with the terms and conditions set forth in the applicable…plan documents." **Exh. A** at p. 8.

    **C.**    **Kraft Heinz Retirement Plan and Summary Plan Description ("Retirement Plan SPD")**

17.     Kraft Heinz's Retirement Plan is the plan referenced by the CBA's Article XXII and provides retirement income for eligible employees. *See* Kraft Heinz Retirement Plan Summary Plan Description, a true and correct copy of which is attached hereto as **Exhibit B**.

18.     Kraft Heinz's Retirement Plan is a benefit plan governed by ERISA.

19.     Kraft Heinz's Retirement Plan SPD "is the Summary Plan Description ('SPD") for the Kraft Heinz Retirement Plan available to hourly employees of Kraft Heinz Foods Company, at the Davenport, IA facility..." **Exh. B** at p. 2.

20.     According to the CBA's Article XXII , Section A and Article XXI, Section K, the Retirement Plan SPD's terms and conditions govern when an individual earns a vested right to benefits under the Retirement Plan. **Exh. A** at pp. 8-9.

21.     The Retirement Plan is administered by the Kraft Heinz Company Employee Benefits Administration Board. **Exh. B** at p. 13.

22.     The Retirement Plan SPD provides that the Plan Administrator has exclusive discretionary authority to interpret and construe the terms of the Plan:

## Plan Administration/Interpretation

To the extent permitted by law, the plan administrator has exclusive discretion to determine all matters relating to the Retirement Plan, including (but not limited to) eligibility, coverage and benefit determinations. The plan administrator may delegate any of its duties and responsibilities to one or more persons or entities. Such delegation of authority must be in writing and must identify the delegate and the scope of the delegated responsibilities. Decisions by the plan administrator, or any authorized delegate, will be conclusive and legally binding on all parties.

*Id.* at p. 15.

23.     The Retirement Plan SPD explains that employees' credited service and vesting service are based on the employee's "hours of service" which is separated into the following categories.

| Hours of Service | | |
|---|---|---|
| **Category 1** | **Category 2** | **Category 3** |
| Include actual hours worked, eight hours for each holiday or vacation day not worked but paid for, and 1/5 hour for each day at work for clothes changing time. | Include eight hours for each day (to a maximum of 40 hours per week) of absence (1) due to disability from an injury or disease arising in the course of employment and compensable under Workers' Compensation or Occupational Disease Laws, or (2) while serving as a Local 431 representative, up to a maximum of 30 days during any one absence. You may receive credit for additional days as a Local 431 representative if the credit is approved by Kraft's Management Committee for Employee Benefits. | Include eight hours for each day (to a maximum of 40 hours per week) of absence for which you are paid or entitled to payment and not covered under Category 1 or 2. Such hours of service could include sick leave, jury duty and funeral leave. However, hours of service under this category are limited to 501 hours for any one continuous period of absence. |

*Id.* at p. 7.

24.     The Retirement Plan SPD also includes processes for filing a claim for retirement benefits and a dispute resolution process for claims for benefits that are fully or partially denied. *Id.* at pp. 10-12.

25.     If an employee disagrees "with the plan administrator's decision to deny your claim, either in whole or in part" the employee can file a written appeal of the denial with Kraft Heinz's Employee Benefits Administration Board. *Id.* at p. 11.

26.     The Retirement Plan SPD specifically provides that the individual "must use and exhaust the Plan's administrative claims and appeals procedures before bringing a suit in either state or federal court." *Id.*

27.     The Retirement Plan SPD does not allow for arbitration of disputes regarding denials of benefits under the Retirement Plan. *See id.*

28.     The Retirement Plan SPD further provides that "failure to follow the Plan's prescribed procedures in a timely manner will also cause [the individual] to lose [their] right to sue regarding an adverse benefit determination." *Id.*

**D.     The Union's Grievance and Notice of Intent to Submit to Arbitration**

29.     On October 20, 2025, the Union filed a Grievance on behalf of all Kraft Heinz Davenport Bargaining Unit employees ("Grievance").  A true and correct copy of the October 20, 2025, Grievance is attached hereto as **Exhibit C**.

30.     In its Grievance, the Union alleges that Kraft Heinz violated the CBA by applying "different vesting definitions than what were agreed to upon the ratification of the CBA." **Exh. C**.

31.     On or about January 23, 2026, Kraft Heinz issued its response denying the Union's Grievance.

32.     On or about January 26, 2026, the Union served Kraft Heinz with a notice of intent to submit the grievance to arbitration.

**E.     The Union's Claim Is Not Substantively Arbitrable**

33.     The Union asserts in its grievance that, pursuant to the CBA, employees eligible for retiree benefits are being improperly excluded by Kraft Heinz.  **Exhibit D**.

34.     The Union's claim turns on the threshold question of when employees' retirement benefits "vest" under Kraft Heinz's Retirement Plan.

6

35. Pursuant to the CBA's Article XXII, Section A and Article XXI, Section K, the terms of the Retirement Plan SPD expressly and exclusively govern whether employees' retirement benefits are vested. **Exh. A** at pp. 8-9.

36. Kraft Heinz's Retirement Plan SPD describes the requisite claims procedure for appealing any denial of benefits.

37. To date, neither an employee nor the Union as an employee representative has pursued any appeal under the exclusive procedures delineated in the Retirement Plan SPD. Thus, determinations regarding whether employees' retirement benefits are vested stand unchallenged.

## COUNT I
## DECLARATORY JUDGMENT

38. Kraft Heinz incorporates by reference the foregoing allegations as though fully set forth herein.

39. An actual and justiciable controversy exists between Kraft Heinz, on the one hand, and the Union, on the other hand, concerning the substantive arbitrability of the Union's Grievance.

40. Pursuant to 28 U.S.C. § 2201, Kraft Heinz is entitled to a declaration of its rights and obligations under said agreements, including that: (1) pursuant to Article XXII, Section A and Article XXI, Section K of the CBA, the vesting of employees' retirement benefits is exclusively governed by Kraft Heinz's Retirement Plan SPD; (2) any issues related to the vesting of an employee's retirement benefits are governed by the procedures set forth in Kraft Heinz's Retirement Plan SPD; and (3) the Union's Grievance is not substantively arbitrable because the vesting of employees' retirement benefits is pre-empted by the provisions and procedures set forth in Kraft Heinz's Retirement Plan SPD, which is the governing document pursuant to Article XXII, Section A and Article XXI, Section K of the CBA.

41.     Pursuant to 28 U.S.C. § 2202, Kraft Heinz is entitled to any "further necessary or proper relief" as may be warranted based on the Court's declaration of Kraft Heinz's rights and obligations.

## COUNT II
## INJUNCTIVE RELIEF

42.     Kraft Heinz incorporates by reference the foregoing allegations as though fully set forth herein.

43.     As a direct and proximate result of the Union's actions alleged herein, Kraft Heinz has suffered and will continue to suffer actual and threatened irreparable harm, including the unrecoverable time, resources, and expenses of arbitration on an issue that is not arbitrable.

44.     Kraft Heinz is entitled to ongoing preliminary injunctive relief, and permanent injunctive relief, to prevent further breaches by the Union.

45.     Kraft Heinz will suffer immediate and irreparable harm if relief is denied, which outweighs any harm to the Union from an injunction.

46.     The public interest will not be harmed if an injunction is granted.

## PRAYER FOR RELIEF

WHEREFORE, Kraft Heinz respectfully requests the Court enter judgment in its favor and award it the following relief:

A.     Declaratory judgment declaring the parties' rights and obligations under the terms of their applicable agreements, including but not limited to a declaration that: (1) pursuant to Article XXII, Section A and Article XXI, Section K of the CBA, the vesting of employees' retirement benefits is exclusively governed by Kraft Heinz's Retirement Plan SPD; (2) any issues related to the vesting of employees' retirement benefits are governed exclusively by the procedures set forth in Kraft Heinz's Retirement Plan SPD; and (3) the Union's Grievance is not substantively

arbitrable because whether employees' Retirement Plan benefits have "vested" is pre-empted by the provisions and procedures set forth in Kraft Heinz's Retirement SPD, which is the governing document pursuant to Article XXII, Section A and Article XXI, Section K of the CBA.

B.      Entry of preliminary and permanent injunctive relief restraining and prohibiting the Union from proceeding with arbitration regarding Grievance No. 2025-0018.

C.      "Further necessary or proper relief" based on the Court's declarations of the parties' rights and obligations, pursuant to 28 U.S.C. § 2202; and

D.      All other relief the Court deems appropriate.

Dated this 24th day of April, 2026                    **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By:     /s/Christine Bestor Townsend
        Christine Bestor Townsend
        Iowa Bar No. AT0012175
        Michael R. Kruse
        *Pro hac vice pending*
        1243 North 10th Street, Suite 200
        Milwaukee, WI  53205
        Phone: (414) 239-6413
        christine.townsend@ogletree.com
        michael.kruse@ogletree.com

        **ATTORNEYS FOR PLAINTFF THE KRAFT HEINZ COMPANY**