**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

The Kraft Heinz Company,
     Plaintiff/Counterclaim Defendant,

     v.                           Case No. 3:26-cv-00033

The United Food and Commercial Workers
International Union AFL-CIO,
Local Union 431,
     Defendant/Counterclaim Plaintiff.

<u>Answer and Counterclaim of the United Food and Commercial Workers Union
District Local 431</u>

The defendant United Food and Commercial Workers District Local 431 answers the complaint of defendant Kraft Heinz Company as follows:

1.     Local 431 admits the allegations in the complaint's preamble except to the extent that it claims the retirement plan's dispute resolution procedure, rather than the arbitration agreement in the parties' collective bargaining agreement, applies to Local 431's grievance.

2.     Local 431 admits the allegations in ¶¶ 1-2.

3.     Local 431 admits the allegation in ¶ 3 except to the extent that it claims Local 431 violated the parties' collective bargaining agreement.

4.     Local 431 denies the allegation in ¶ 4.

5.     Local 431 admits the allegations in ¶¶ 5-13.

6.     Local 431 admits the allegations in ¶¶ 14-16 except to the extent the allegations suggest that the quoted provisions of the parties' collective bargaining agreement exclude Local 431's grievance from the agreement's arbitration clause, and that disputes over the collective

1

bargaining agreement's pension language may not be arbitrated under the agreement's arbitration clause and must instead be resolved exclusively under Kraft's pension plan documents.

7.      Local 431 admits the allegations in ¶¶ 17-19.

8.      Local 431 denies the allegation in ¶ 20.

9.      Local 431 admits the allegations in ¶¶ 21-28, except to the extent that it implies that the collective bargaining agreement's terms do not control the pension eligibility of bargaining unit employees over conflicting provisions of Kraft's pension plan documents or that Local 431's grievance is not arbitrable under the parties' collective bargaining agreement.

10.     Local 431 admits the allegations in ¶¶ 29-32.

11.     Local 431 admits the allegation in ¶ 33.

12.     Local 431 denies the allegations in ¶¶ 34-36 to the extent that they imply that the collective bargaining agreement's terms do not control the pension eligibility of bargaining unit employees over conflicting provisions of Kraft's pension plan documents or that Local 431's grievance is not arbitrable under the parties' collective bargaining agreement.

13.     Local 431 admits the allegation in ¶ 37 that Local 431 has not pursued an appeal under the retirement plan summary plan description.  Local 431 lacks knowledge or information sufficient to form a belief about the truth of whether any employees have pursued an appeal under the procedure in the retirement plan summary plan description and therefore denies the other allegations of this paragraph.

14.     Local 431 denies the allegation in ¶ 38 to the extent that it incorporates the allegations previously denied.

15.     Local 431 admits the allegation in ¶ 39.

16.     Local 431 denies the allegations in ¶¶ 40-41.

17. Local 431 denies the allegation in ¶ 42 to the extent that it incorporates the allegations previously denied.

18. Local 431 denies the allegations in ¶¶ 43-46.

<u>Counterclaim</u>

United Food and Commercial Workers District Local 431 brings this counterclaim against the Kraft Heinz Company for breach of the parties' collective bargaining agreement under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185:

**Facts**

19. Local 431 and Kraft are parties to a collective bargaining agreement. That contract is effective from November 28, 2023, until July 31, 2028.

20. Article XVIII of the collective bargaining agreement contains a mandatory grievance procedure and arbitration clause.

21. In approximately October and November 2023, during negotiations for the current collective bargaining agreement, the parties bargained specifically over changes to Article XXII of the parties' agreement. Article XXII obligates Kraft to provide certain pension benefits and establishes eligibility criteria for those benefits.

22. During negotiations, Kraft proposed revisions to the eligibility criteria, specifically changing the phrase "Years of service" in Article XXII, Section A(4)(c) to "Vested years of service."

23. Kraft told Local 431 bargainers that this change in language would allow those employees who are pension-eligible to count full calendar years of employment with Kraft toward their eligibility for taking an early or normal retirement benefit under the pension plan, regardless of the number of hours the employee worked during that calendar year.

24. The parties mutually agreed to this meaning of the new language and adopted the change.

25. The current collective bargaining agreement, which contained the agreed-upon change to Article XXII, Section A(4)(c), was ratified by Local 431 members and went into effect on November 28, 2023.

26. Between November 2023 and October 2025, Local 431 learned from employees that Fidelity Investments, which administers the pension plan, has provided employees with improper calculations of their years of service necessary for taking an early or normal retirement benefit under the pension plan.

27. After raising the calculation issues with Kraft, Local 431 learned from Kraft in approximately October 2025 that Kraft and Fidelity were not applying the new language in Article XXII, Section A(4)(c) consistent with the parties' mutual understanding of its meaning as agreed to during the 2023 bargaining.

28. This failure to properly apply the language has prevented multiple Kraft employees from taking an early or normal retirement under the pension as provided by the collective bargaining agreement.

29. By failing to properly apply Article XXII, Section A(4)(c) consistent with the parties' mutual agreement and understanding of its meaning, Kraft violated the parties' collective bargaining agreement.

30. Article XVIII, Section A of the collective bargaining agreement establishes a three-step grievance procedure and requires arbitration for any unresolved grievance, subject to limited, explicit exceptions.

31. The arbitration clause in Article XVIII, Section A applies to grievances over the meaning of the pension language in Article XXII.

32. On approximately October 20, 2025, consistent with Article XVIII, Section A of the collective bargaining agreement, Local 431 filed a grievance with Kraft on behalf of "All Davenport Kraft Heinz Bargaining Unit Employees" alleging that Kraft had applied "different vesting definitions than what were agreed to upon the ratification of the" collective bargaining agreement.

33. On approximately January 23, 2026, Kraft issued a formal written denial of the grievance, stating that Kraft's "application of the relevant provisions of the [collective bargaining agreement] and corresponding Pension Plan is consistent with the agreed-upon language in these documents."

34. On approximately January 26, 2026, Local 431 served Kraft with a notice of intent to submit the grievance to arbitration, as required by the arbitration clause in Article XVIII, Section A of the collective bargaining agreement.

35. Kraft refused to arbitrate the grievance in violation of Article XVIII, Section A of the collective bargaining agreement.

### Count – Breach of Contract Under 29 U.S.C. § 185

36. By failing to properly apply Article XXII, Section A(4)(c) consistent with the parties' mutual agreement and understanding of its meaning, Kraft violated the parties' collective bargaining agreement.

### Request for Relief

Local 431 respectfully requests that this Court order Kraft to arbitrate the grievance and award Local 431 its attorneys' fees and costs for bringing this action.

Date:  April 29, 2026                    Respectfully submitted,


/s/_____Nathan Willems_____
Nathan Willems
Rush & Nicholson, P.L.C.
221 3rd Avenue SE, Suite 550
P.O. Box 637
Cedar Rapids, IA  52406-0637
Telephone: (319) 363-5209
Facsimile: (319) 363-6664
nate@rushnicholson.com

Counsel for Defendant

Certificate of Service

I certify that on April 29, 2026, I served true and correct copies of the foregoing on the

following via the Notice of Electronic Filing through the ECF system:


Norma Manjarrez
155 North Wacker Drive, Ste. 4300
Chicago, IL 60606
Norma.manjarrezogltree.com






Date:  April 29, 2026                      Respectfully submitted,




                                           /s/Nathan Willems
                                           Nathan Willems
                                           Rush & Nicholson, P.L.C.
                                           221 3rd Avenue SE, Suite 550
                                           P.O. Box 637
                                           Cedar Rapids, IA  52406-0637
                                           Telephone: (319) 363-5209
                                           Facsimile: (319) 363-6664
                                           nate@rushnicholson.com

                                           Counsel for Defendant